Nott, J.,
delivered the opinion of the court:
In all Congressional cases loyalty or disloyalty is a fact which may be set up and shown by either party. When the fact is found, it will be a matter going to the merits, and its significance will be determined by the legislative discretion.
In that class of Congressional cases founded upon stores and supplies taken for the use of the Army during the civil war loyalty is a jurisdictional prerequisite, and must be determined on a preliminary inquiry before the court can investigate or pass upon the merits of the claim. In dealing with this jurisdictional question the court can not look beyond the petition. The claimant sets up his own case in his own way, and the only preliminary question to be determined by the court is whether the person who, according to the allegations of the petition, furnished the supplies was loyal to the United States. When that fact is found, and not till then, the court assumes jurisdiction and may approach investigatiou of the case. If it shall appear when the case is tried upon its merits that the person whose loyalty has been found was not the person who furnished the supplies or from whom they were taken, the case necessarily will fail.
*350 In the first of the above cases (Kirtley) the counsel for the defendants has raised the objection that the claimants, having-been under the age of sixteen years at the close of the war, their loyalty may be assumed, but that the loyalty of their parent or guardian must be shown. On looking into the petition we find no allegation which authorizes the court to pass upon that question. All that appears there is that the claimants are citizens of the United States, and that they have a claim for stores and supplies taken for the use of the Army. According to the petition they were the owners of the property; the property was actually or constructively in their possession; and, consequently, their loyalty is the only loyalty necessarily involved in the case.
When the case comes to be heard upon the merits, the question now raised by the counsel for the United States must be met and argued. Whether the guardian of an infant occupies the same legal position in these cases which has been ascribed to the .administrator of an estate — whether, in a word, it is his loyalty or the loyalty of his ward that is a jurisdictional fact has never been determined. At the common law a guardian a has such an interest in the estate of his ward as to enable him to avow for damage feasant, and to bring trespass or ejectment in his own name. These were common-law rights belonging- to the guardian in socage, and they apply to the general guardian at the present day.” (2 Kent Com., p. 228.) The question, it may be added, undoubtedly must be considered with reference to the law of the infant’s domicile or of the guardian’s legal abode.
In the second of these cases (Shumate) the objection raised by the counsel for the defendants is that this claim is based upon the petition of the mother of the claimants, and that it was her case which was transmitted by Congress to this court for investigation; and it is maintained that the loyalty of the mother or father or the legal guardian is the loyalty which must be established.
On looking into the petition we find, as in the other case, that the ownership is alleged to have been in the nominal claimants, and that apparently the property was taken from their possession, actual or constructive. Nothing is alleged or set up which connects their claim with that of the mother or of any other person. The property alleged to have been taken, *351 it may be noted, however, was growing timber, fences, and buildings; in other words, property attached to the realty and forming part of the freehold. But on looking behind the petition, we find that the claim which was transmittedto this court by the Committee on War Claims of the House of Representatives is simply that of the mother; and on looking into the report of the Southern Claims Commission to ascertain what the claim was which the committee transmitted, we find that it was that of the mother, and that she had only a life estate in the land.
The brief of counsel says that the remainder of the estate was vested in the present claimants under the will of their grandfather. But that is not a fact averred in the petition, and consequently is not a fact which can now be considered by the court.
We have no doubt that in these Congressional cases, where there is no vested legal right, where the appeal is to the clemency of Congress, and where Congress is trying to get at the truth of the matter and do justice to deserving parties, a parent may prosecute on behalf of a child. We also have little doubt that where a proceeding involving the discretion of Congress was begun by a parent or guardian on behalf of an infant claimant, the infant on coming of age may be substituted to prosecute his equitable rights in his own name. But in the present case there is nothing whatever upon the record to connect the nominal claimants with the claimant who appeared before the Southern Claims Commission and whose claim was transmitted to this court as before set forth. To perfect the record a petition must be filed in her name and the parties be substituted in her stead. In the mean while the claimants in each case are entitled to have their loyalty found; and it is found.